EASTERN DIST.
*April*, 1836.

HALL ET AL.
*vs.*
SHIP CHIEFTAIN
ET AL.

HALL ET AL *vs.* SHIP CHIEFTAIN ET AL.

*APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF
NEW-ORLEANS.*

Before the bill of lading comes into the hands of the consignee, the shipper
    may, if he chooses, modify the contract between him and the carrier, by
    a written declaration that a part of the cargo was not in good order, as
    specified in the bill of lading.

Where one of the parties was called as a witness by the adverse party, and
    his answers on cross-examination objected to as irrelevant and inadmis-
    sible : *Held*, that much latitude is allowed in such cases, especially when
    the witness shows he is interested in the question, and that his opinions
    may be tested by his own actions in apparent contradiction with them.

This is an action for damages. The plaintiffs allege that
a firm in Liverpool shipped to their house in New-Orleans, a
quantity of hoop and sheet iron, worth the sum of two
thousand eight hundred and sixteen dollars and ninety-five
cents, on board the ship Chieftain, in good order, which was
so damaged, by the negligence and bad stowage of the master
and officers of that vessel, that it was sold, on landing at the
port of New-Orleans, for only the sum of six hundred and
fifty-two dollars and ninety-nine cents, making a clear loss
to the plaintiffs of two thousand one hundred and sixty-three
dollars and ninety-six cents, for which they pray judgment
against the master and owners of the said vessel.

The defendants admitted the shipment of the iron on board
their vessel, as per bill of lading annexed, and which they
have delivered to the plaintiffs, but deny that it was in good
order when shipped, and any further damage it may have
sustained was without their fault, and not by negligence or
any other misconduct on their part. They deny all the other
allegations in the petition, and pray judgment for their freight
in reconvention.

Upon these issues the parties went to trial. The bill of
lading was first offered in evidence ; its tenor is as follows:

Eastern Dist.
*April*, 1836.

HALL ET AL.
*vs.*
SHIP CHIEFTAIN
ET AL.

"Shipped in good order and condition, by John Bibby & Co., of Liverpool, in and upon the good ship or vessel called the Chieftain, whereof J. Mooney is master for the present voyage, &c., and bound for New-Orleans, 26 bolts of copper, 494 bundles and 241 boxes of iron, to be delivered in like good order and condition at New-Orleans, (the dangers and accidents of the seas and navigation, of whatever nature and kind, excepted,) unto Messrs. John Hall & Co., or their assigns, they paying freight, &c. Dated at Liverpool the 6th December, 1833."

The other evidence is detailed in the opinion of the parish judge, which is given below :

"That although a bill of lading is considered, in commercial law, as strong *prima facie* evidence, the obligation it contains may be diminished or varied by other agreements entered into by the parties ; that in the present case, although the bill of lading is signed by the master of the ship Chieftain, stating the iron of the plaintiffs to have been shipped in good order, still, that statement is contradicted by a written declaration from the shippers at Liverpool, (the master and shipper being the parties to a bill of lading,) that some of the iron was a little rusty, though not in an unmerchantable condition, and that the shippers exonerate the said master from any loss arising from his signing the bill of lading, without a clause for part of the iron being rusty, as aforesaid."

2d. "That from the testimony of several witnesses, and also by a port warden's certificate, the vessel was properly stowed."

3d. "That it is in proof that the ship Chieftain, on her passage from Liverpool to this place, experienced very boisterous weather; that she had her covering boards split, thirteen of her stanchions, and her bulwarks carried away in a gale ; that a great deal of water got into her, and damaged the cargo, and especially the iron ; and that the damage done to the iron is, by the port warden's certificate, above alluded to, attributed to the water blown through the skin of the ship."

4th. "That these facts easily explain how the plaintiffs' iron, even if it had not been rusty at all when shipped, could have

EASTERN DIST.
April, 1836.

HALL ET AL. ·
vs.
SHIP CHIEFTAIN
ET AL.

become so without any neglect or want of care on the part of the master."

5th. "That the damage being the result of the dangers of the sea, for which the master is not responsible, the plaintiffs cannot recover on this action." ·

6th. "That the amount of freight stipulated by the bill of lading, is shown to be twenty-four pounds fifteen shillings and ninepence, which the defendants have pleaded in reconvention."

"It is ordered, adjudged and decreed, that judgment be entered in favor of the defendants, against the plaintiffs, for the sum of twenty-four pounds fifteen shillings and ninepence, or one hundred dollars and sixteen cents, and costs of suit."

The plaintiffs appealed.

*Sterrett*, for the plaintiffs.

1. The judgment is manifestly erroneous, being contrary to law, and the evidence in the case.

2. The court erred in allowing the letter of Bibby & Co. to be read in evidence, and to contest the bill of lading : it is *res inter alios acta*.

3. But even if it were legally admissible, Bibby & Co. declare the iron to be merchantable ; all the witnesses examined on that point, declare the contrary when it was landed.

4. The port warden's certificate does not make mention of the iron, the subject matter of this suit.

5. The iron might have been well stowed, and yet the injury may have arisen from the salt being placed on the top of it.

6. The evidence does not sufficiently show the damage to have been occasioned by the dangers of the seas, but by the salt.

7. The ship is liable to the plaintiffs under all the circumstances, and if the captain was induced into error by Bibby & Co., the owners have their recourse against them.

*Strawbridge*, contra.

EASTERN DIST.
*April,* 1836.

HALL ET AL.
*vs.*
SHIP CHIEFTAIN
ET AL.

*Bullard, J.,* delivered the opinion of the court.

The plaintiffs in this case, allege that John Bibby & Co., of Liverpool, shipped on board the ship Chieftain, of which the defendants are master and owners, a quantity of hoop and sheet iron consigned to them; that the iron was shipped in good order and well conditioned, but that owing to carelessness, negligence, bad stowage, or insufficiency of the vessel, the iron was damaged on board said ship, and on her arrival was sold, under the inspection of the port wardens, for a trifling sum, to their damage two thousand one hundred and sixty dollars and ninety-six cents; for which sum they pray judgment.

The defendants, in their answer, admit the shipment of the iron, but they deny that it was shipped in good order; but aver that it was rusted at the time it was shipped, and that if further damage has been done, it was not owing to their negligence, but to the dangers and accidents of the sea. They deny all other allegations in the petition, and claim, in reconvention, the amount of freight stipulated by the bill of lading.

Judgment was rendered in favor of the defendants for the freight, and against the pretensions of the plaintiffs, and they appealed.

On the trial below, the defendants offered to read in evidence a paper signed by Bibby & Co., the shippers, bearing date a few days after the bill of lading, in which they declare, that in consideration of the captain having signed their bills of lading, without a clause for a part of the iron being a little rusty, they exonerate him from any loss arising from his doing so, but stating, at the same time, that the iron was in a merchantable condition. The introduction of this evidence was objected to, on the grounds that it went to contradict the bill of lading; that it was an agreement between individuals not parties to the suit, and not binding on the plaintiffs, and that it was made after the signing of the bill of lading, and after the property had vested in the plaintiffs. These objections being overruled, the plaintiffs took a bill of exceptions.

41

EASTERN DIST.
*April*, 1836.

HALL ET AL.
*vs.*
SHIP CHIEFTAIN
ET AL.

Before the bill of lading comes into the hands of the consignee, the shipper may, if he chooses, modify the contract between him and the carrier, by a written declaration that a part of the cargo was not in good order, as specified in the bill of lading.

The original parties to a bill of lading, are the shippers and the captain, or carrier. The consignee is designated by the shipper, but his right is not complete, at all events, before the bill of lading comes into his hands. He is presumed to be the agent or factor of the shipper. If, before the bill of lading comes into the hands of the consignee, the shipper choose to vary, or modify the contract between himself and the carrier, or to acknowledge that there was error as to the description of the goods, in the bill of lading signed, we do not perceive how the consignee has a right to complain. The evidence in the case does not show us at whose risk was the iron during the voyage, whether of the consignor or the consignee, and without such evidence it is presumed to be at the risk of the owner, and that the consignor was the owner until delivery; but whether Bibby & Co. be considered as the owners of the iron, or as the mere agents of the plaintiffs, it does not appear to us material. In either case their acts in relation to the shipment, must be considered as binding on the plaintiffs. The same reasoning applies to the testimony of M'Millen, which was objected to on similar grounds, and we are of opinion, that the court did not err in admitting the evidence.

Where one of the parties was called as a witness by the adverse party, and his answers on cross-examination objected to as irrelevant and inadmissible: *Held*, that much latitude is allowed in such cases, especially when the witness shows he is interested in the question, and that his opinions may be tested by his own actions, in apparent contradiction with them.

There is a further bill of exceptions which we are called on to notice. It appears that while John D. Bein, one of the parties, plaintiffs in this case, was on his cross-examination as a witness, in a case tried about the same time, and the evidence in which was admitted in this case by agreement of parties, the defendants' counsel proposed to question him as to the facts relating to a settlement made between Peuch & Bein and an insurance company, with regard to other goods damaged on board the same ship, on the same voyage. This was objected to on the ground that the evidence was irrelevant and inadmissible, but permitted by the court. We are of opinion the court did not err; much latitude is allowed in a cross-examination, especially when a witness shows that he has an interest in the question. The witness in this case having stated it as his opinion, that the iron was damaged in consequence of bad stowage, and not by perils

of the sea, might very well be asked whether he had not claimed from an underwriter, for damage done to another part of the same cargo, as having been occasioned by perils of the sea; not that the evidence was at all material in this case, but that the value of the opinions of the witness might be tested by his own actions, in apparent contradiction with those opinions.

Upon the merits, the case appears to be with the defendants. The port wardens certify that the hatches of the ship were well secured, and the cargo well stowed; a professed stevedore testifies that the cargo was well stowed, and not in such a way as that the salt was in contact with the iron. Great damage is shown to have been done to the ship by stress of weather, during a winter voyage; and although there is among the witnesses some discrepancy of opinion as to the cause of the damage done to that part of the cargo, in controversy in this case, yet we concur in the conclusion at which the court below arrived, that it is sufficiently shown not to have resulted from the want of care or negligence of the captain and crew, and that the defendants are not liable.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.